# EXHIBIT A

DocuSign Envelope ID: 487203D9-25FE-4832-975B-12B699454D5A

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
09/04/2020 1:34PM
BY: JDUTTON
DEPUTY

Case No.: S0300CV202000430
HON. DAN R SLAYTON

**GOLDBERG & OSBORNE, LLP**
Allen D. Bucknell, Esq., #007351
4423 E. Thomas Road, Suite 1
Phoenix, AZ 85018
(602) 808-6200
abucknell@goldbergandosborne.com
*Attorney for Plaintiff*

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| CHERYL LANIER, individually and as surviving spouse of MICHAEL HOWARD, for herself and on behalf of all surviving beneficiaries,<br><br>Plaintiff,<br><br>vs.<br><br>CANYONEERS, INC, a domestic corporation; ABC PARTNERSHIPS I-X; XYZ CORPORATIONS I-X; JOHN DOES I-X and JANE DOES I-X,<br><br>Defendants. | **COMPLAINT**<br><br>(Tort/Non-Motor Vehicle) |

COMES NOW Plaintiff, Cheryl Lanier, for her complaint against Defendants alleges:

1. Venue and jurisdiction are proper in the Coconino County Superior Court.

2. Plaintiff, Cheryl Lanier, (hereinafter Cheryl or Plaintiff) brings this action as the surviving spouse of Michael Howard (deceased) (hereinafter Mike) on behalf of all surviving statutory wrongful death beneficiaries pursuant to A.R.S. § 12-612.

3. Defendant, Canyoneers, Inc. (hereinafter, "*Defendant(s)*" or "*CINC*"), is a domestic corporation and has caused or contributed to events which underlie this lawsuit.

DocuSign Envelope ID: 4B7203D9-25FE-4832-975B-12B699454D5A

4. *Defendants*, ABC PARTNERSHIPS I-X, XYZ CORPORATIONS I-X, JOHN DOES I-X, and JANE DOES I-X, are believed to be individuals and/or entities, including employees, officers, servants or ostensible agents of *CINC*, who have caused or contributed to the events which underlie this lawsuit. The true names and capacities of the fictitious defendants are unknown at this time. Plaintiff will, upon ascertaining the true identity and capacities of these defendants, seek leave to amend this complaint.

5. At all times relevant herein, defendants, including *CINC*, acted pursuant to customs and policies authorized, ratified, and approved by their employees, officers, servants, or ostensible agents.

## BACKGROUND

6. Plaintiff incorporates herein by reference all previous paragraphs and allegations contained hereinabove, as if fully set forth herein.

7. At all times relevant herein, *CINC* provided *Guided Colorado River Trips (hereinafter, "GCRT")* to the public within Grand Canyon National Park, under *Concession Contract* No. CC-GRCA010-08 with the United States Department of the Interior, National Park Service.

8. Among other things, the *Concession Contract* requires *CINC* to:

    (a) establish appropriate hiring, training, safety, and employment policies and procedures;

2

DocuSign Envelope ID: 4B7203D9-25FE-4832-975B-12B699454D5A

(b) utilize appropriate best management practices by applying the most current and advanced means and technologies available to undertake and maintain a superior level of performance in its provision of services to the public; and

(c) conduct an orientation talk for all its clients to discuss water safety, rescue, and the mandatory use of personal flotation devices (*PFDs*).

## FACTUAL BASIS

9. Plaintiff incorporates herein by reference all previous paragraphs and allegations contained hereinabove, as if fully set forth herein.

10. In or about March 2018, Cheryl and Mike purchased a *GCRT* package from *CINC* advertised as *"All the Grand, full canyon, Lees Ferry to Lake Mead, 7 days/6 nights on river, no major hike in or out of the canyon."*

11. The *GCRT* departed from Lees Ferry on Wednesday, September 5, 2018, and involved 14 passengers, including Cheryl and Mike, and 2 CINC guides operating a 37' Seacraft S-Rig inflatable motorized raft (hereinafter, *"Seacraft"*).

12. Upon information and belief, Kolby Kvam (hereinafter, *"Lead Guide"*) was the lead guide and piloted the Seacraft; Connor Donovan (hereinafter, *"Guide"*) was the assistant guide (collectively, *"Guides"*). The *Guides* were employees of defendant *CINC*. At all times alleged in the complaint, the *Guides* were acting in the course and scope of their employment for *CINC*, rendering *CINC* liable for the negligent conduct of its *Guides* under the doctrine of respondeat superior or actual, ostensible, or apparent agency.

3

DocuSign Envelope ID: 487203D9-25FE-4832-975B-12B699454D5A

13. On September 7, 2018 (third day of the trip), at approximately 10:30 a.m., the *Lead Guide* stopped the *Seacraft* at the mouth of Clear Creek Canyon, near river mile 84.5, so the passengers could go on a short hike.

14. The *Guides* secured the *Seacraft* to the shore and instructed all passengers to remove their *PFDs* before disembarking.

15. Cheryl and Mike complied with the *Guides'* directions and removed their *PFDs* before disembarking.

16. Mike was the first passenger to disembark the *Seacraft* and he did so without incident.

17. Cheryl was the second passenger to disembark. As she attempted to step out of the raft and onto the shore, she slipped causing her to step into the running water between the raft and the shore. She then fell and was swept away by the river current.

18. Mike immediately jumped into the river to save Cheryl.

19. Upon information and belief, one *Guide* began running down the banks of the river with a rope and floating device in a futile attempt to help Cheryl and Mike.

20. Eventually, the *Guide* returned to the *Seacraft* and the *Guides* untethered the *Seacraft's* lines from shore before beginning search and rescue efforts.

21. Several minutes passed before Cheryl was located. She was about .75 miles downstream, floating on her back, and unresponsive.

22. The passengers and *Guide* were able to pull Cheryl on board the *Seacraft* and began emergency resuscitation efforts. A rescue team safely transported Cheryl by helicopter from Phantom Ranch to Flagstaff Medical Center.

4

23. The guides never found or located Mike.

24. On September 14, 2018, Mike's body was located approximately ten miles downstream just below Granite Rapids.

## Negligence

25. Plaintiff incorporates herein by reference all previous paragraphs and allegations contained hereinabove, as if fully set forth herein.

26. *CINC* has a duty to act as a reasonable and prudent concessioner providing *GCRT* services in same or similar circumstances and to conform its operations with generally accepted safety standards in effect at the time of the incident, among other duties, so as to avoid harm to others.

27. *CINC* and the *Guides* negligently breached their duty to Cheryl and Mike and failed to conform with generally accepted safety standards in effect at the time of the incident.

28. *CINC* and the *Guides* negligently breached their duty to Cheryl and Mike when the *Guides* instructed all passengers, including Cheryl and Mike, to remove their *PFDs* before disembarking in very rough and dangerous waters.

29. *CINC* and the *Guides* negligently breached their duty to Cheryl and Mike when the *Guides* failed to assist Cheryl when she attempted to disembark in very rough waters.

30. *CINC* and the *Guides* negligently breached their duty to Cheryl and Mike when the *Guide* ran down shore with a rope and life preserver, delaying rescue efforts.

31. The *Guides'* negligent conduct resulted, in whole or in part, from a lack of training by *CINC*.

5

32. CINC negligently breached its duty to Cheryl and Mike when it vetted, hired, and inadequately trained *Guides* who were unqualified to perform their duties without significant harm resulting to others.

33. The negligence of *CINC* and its *Guides* caused the wrongful death of Michael Howard and the resulting damages of all surviving statutory wrongful death beneficiaries, including Cheryl.

34. The negligence of *CINC* and its *Guides* caused Cheryl to sustain physical injuries in an amount and severity to be proven at trial.

## NEGLIGENCE PER SE

35. Plaintiff incorporates herein by reference all previous paragraphs and allegations contained hereinabove, as if fully set forth herein.

36. *CINC* violated federal regulations meant to protect Cheryl and Mike from harm and such violations constitute negligence *per se*.

37. *CINC's* violation of federal regulations caused the wrongful death of Michael Howard.

38. *CINC's* violation of federal regulations caused the physical injuries and damages suffered by Cheryl.

## DAMAGES: WRONGFUL DEATH

39. Plaintiff incorporates herein by reference all previous paragraphs and allegations contained hereinabove, as if fully set forth herein.

40. As a direct and proximate result of the negligent and wrongful acts of *Defendants*, and all of them, the surviving statutory wrongful death beneficiaries are entitled to recover for each

6

...

of the following elements of damages proved by the evidence to have resulted from the death of Michael Howard:

(a)   The loss of love, affection, companionship, care, protection, and guidance since the death and in the future.

(b)   The pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced, and reasonably probable to be experienced in the future.

(c)   The income and services that have already been lost as a result of the death, and that are reasonably probable to be lost in the future.

(d)   The reasonable expenses of funeral and burial.

## DAMAGES: PHYSICAL INJURIES

41.   Plaintiff incorporates herein by reference all previous paragraphs and allegations contained hereinabove, as if fully set forth herein.

42.   As a direct and proximate result of the negligent and wrongful acts of *Defendants*, and all of them, Cheryl has suffered injuries and damages, including but not limited to past and future pain, discomfort, emotional distress, and medical bills in an amount to be proven at trial.

## DISCOVERY TIER

43.   Plaintiff incorporates herein by reference all previous paragraphs and allegations contained hereinabove, as if fully set forth herein.

44.   Pursuant to Rule 8(b)(2), Arizona Rules of Civil Procedure, a party who claims damages but does not plead an amount must plead that their damages are such as to qualify for a specified tier defined by Rule 26.2(c)(3), Arizona Rules of Civil Procedure.

7

DocuSign Envelope ID: 4B7203D9-25FE-4832-975B-12B699454D5A

45. Plaintiff's damages exceed the dollar amount set forth in Rule 26.2(c)(3)(C), Arizona Rules of Civil Procedure, qualifying this matter for Tier 3 discovery.

WHEREFORE, Plaintiff is entitled to judgment against *Defendants*, and each of them, for the following relief:

A. Money damages for each element of damages, proved by the evidence, to have been caused by the *Defendants*.

B. Legal costs.

C. Such other and further relief as the Court may deem just and equitable.

Dated 9/4/2020

GOLDBERG & OSBORNE, LLP

By *Allen Bucknell*
Allen D. Bucknell, Esq.
*Attorney for Plaintiff*

# EXHIBIT B

4849-5612-0585.1

## Public Access to Court Information - Case Search

### Case Information

| | | | |
|---|---|---|---|
| Case Number: | S-0300-CV-202000430 | | |
| Title: | CHERYL LANIER PLAINTIFF vs | Category: | Civil |
| Court: | Coconino County Superior | Filing Date: | 9/4/2020 |
| Judge: | | Disposition Date: | |

| | | |
|---|---|---|
| ALLEN D BUCKNELL | ATTORNEY - Y 1 | |
| CANYONEERS, INC. | DEFENDANT - D 1 | |
| CHERYL LANIER | PLAINTIFF - P 1 | |

### Case Activity

| Date | Description | Party |
|---|---|---|
| 10/16/2020 | SERVICE: Certificate | P 1 |
| 10/13/2020 | CERTIFICATE: OF SERVICE | P 1 |
| 9/4/2020 | INDICATOR: DISCOVERY TIER 3 | P 1 |
| 9/4/2020 | SUMMONS: SUMMONS | P 1 |
| 9/4/2020 | ARBITRATION: CERTIFICATE OF COMPULSORY ARBITRATION - IS NOT | P 1 |
| 9/4/2020 | COMPLAINT: Complaint | P 1 |

## Document Search

For access to criminal and civil court documents in the Superior Court visit the eAccess portal.
For more information about the eAccess portal please visit: https://www.azcourts.gov/eaccess.

**NOTES:**

**Internet Explorer 10 Users: Case details will not display properly unless you switch to Compatibility View. How?**

**The following case types are excluded from search results:** sealed cases, cases involving un-served Orders of Protection, mental health and probate cases, victim and witness data. Juvenile incorrigible/delinquency case information also cannot be viewed on this website; however other types of cases in which juveniles are parties, such as traffic cases, may be displayed. Certain administrative functions carried out by superior court clerk's offices in each county are not included in this website, such as passport application processing and private process server registration. **Charges stemming from local ordinance violations are not included.**

**Please be aware of the following limitations of the case records displayed:**
- The information may not be a current, accurate, or complete record of the case.
- The information is subject to change at any time.
- The information is not the official record of the court.
- Not all cases from a participating court may be included.
- The information should not be used as a substitute for a thorough background search of official public records.

**The user is responsible for verifying information provided on this website against official court information filed at the court of record.** Use of this website shall indicate agreement by the user that the Arizona judiciary, including its courts, divisions, officers, and employees, shall not be liable for any loss, consequence, or damage resulting directly or indirectly from the use of any of the information available through this website and that the Arizona judiciary does not provide any warranty, express or implied, that the information provided is accurate, current, correct, or complete.

Data available on this web site is updated frequently and can be provided via electronic media for an annual subscription fee. If

**EXHIBIT C**

4849-5612-0585.1

Person/Attorney Filing: Allen Bucknell
Mailing Address:      4423 E Thomas Road, Suite 3
City, State, Zip Code:   Phoenix, AZ 85018
Phone Number: (602)808-6200
E-Mail Address: abucknell@goldbergandosborne.com

State Bar Number: 007351

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF COCONINO

Cheryl Lanier
Plaintiff(s),
v.
Canyoneers, Inc.
Defendant(s).

Case No.   S0300CV202000430

SUMMONS

To: Canyoneers, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 200 N. San Francisco St., Flagstaff, Arizona 86001 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of COCONINO

SIGNED AND SEALED this date:*September 4, 2020*

*Valerie Wyant*
Clerk of Superior Court

By:*JDUTTON*
Deputy Clerk



FILED
Valerie Wyant
CLERK, SUPERIOR COURT
09/04/2020 1:34PM
BY: JDUTTON
DEPUTY

Case No.: S0300CV202000430
HON. DAN R SLAYTON

Person/Attorney Filing: Allen Bucknell
Mailing Address: 698 E Wetmore Rd Ste 200
City, State, Zip Code: Tucson, AZ 85705
Phone Number: (602)808-6200
E-Mail Address: abucknell@goldbergandosborne.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 007351, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| Cheryl Lanier<br>Plaintiff(s),<br>v.<br>Canyoneers, Inc.<br>Defendant(s). | Case No.<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Coconino County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Allen Bucknell /s/
Plaintiff/Attorney for Plaintiff

| Attorney or Party without Attorney:<br>ALLEN BUCKNELL (#007351)<br>GOLDBERG & OSBORNE<br>4423 E THOMAS RD #1<br>PHOENIX, AZ 85018<br>Telephone No: (602) 808-6200 | | | | For Court Use Only |
|---|---|---|---|---|
| Attorney For: Plaintiff | | Ref. No. or File No.: LANIER V CANYONEERS | | OCT 17  3:09 |
| Insert name of Court, and Judicial District and Branch Court:<br>COCONINO COUNTY SUPERIOR COURT | | | | |
| Plaintiff: CHERYL LANIER; ET AL.<br>Defendant: CANYONEERS, INC.; ET AL. | | | | |
| CERTIFICATE OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number:<br>S0300CV202000430 |

1. At the time of service I was at least 21 years of age and not a party to this action.

2. I served copies of the
   SUMMONS; COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION;

3. a. Party served:     CANYONEERS, INC.
   b. Person served:   SAMUEL W FISHER - AUTHORIZED TO ACCEPT ON BEHALF OF CANYONEERS, INC.

4. Address where the party was served:   612 N Beaver St, Flagstaff, AZ 86001

5. I served the party:
   a. by substituted service.   On: Mon, Oct 05 2020 at: 03:26 PM by leaving the copies with or in the presence of:
      SAMUEL W FISHER - AUTHORIZED TO ACCEPT ON BEHALF OF CANYONEERS, INC. , Caucasian , Male , Age: 60 , Hair: Brown , Height: 5'11" , Weight: 180 .

   (a) ( Person of suitable age and discretion. Informed him or her of the general nature of the papers.

Service: $169.00, Mileage: $0.00, Certificate: $10.00, Wait: $0.00, Fees Advanced: $0.00, Total: $179.00

I Declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

6. Person Executing:
   a. MICHELLE TANNER
   b. FIRST LEGAL
      3737 North 7th. Street Suite 209
      PHOENIX, AZ 85014
   c. (602) 248-9700

10-16-20          *(signature)*
(Date)            (Signature)

**CERTIFICATE OF SERVICE**

*4933603 (10416402)*

FL FIRSTLEGAL

| Attorney or Party without Attorney: <br> ALLEN BUCKNELL (#007351) <br> GOLDBERG & OSBORNE <br> 4423 E THOMAS RD #1 <br> PHOENIX, AZ 85018 <br> Telephone No: (602) 808-6200 | | For Court Use Only |
|---|---|---|
| Attorney For: Plaintiff | Ref. No. or File No.: LANIER V CANYONEERS | 2020 OCT 13 AM 11: 35 <br> FILED |
| Insert name of Court, and Judicial District and Branch Court: <br> COCONINO COUNTY SUPERIOR COURT | | |
| Plaintiff: CHERYL LANIER; ET AL. <br> Defendant: CANYONEERS, INC.; ET AL. | | |

| CERTIFICATE OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number: <br> S0300CV202000430 |
|---|---|---|---|---|

1. At the time of service I was at least 21 years of age and not a party to this action.

2. I served copies of the
   SUMMONS; COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION;

3. a. Party served:     CANYONEERS, INC.
   b. Person served:   SAMUEL W FISHER - SENIOR MANAGER - CANYONEERS, INC.

4. Address where the party was served:   612 N Beaver St, Flagstaff, AZ 86001

5. I served the party:
   a. by substituted service.   On: Mon, Oct 05 2020 at: 03:26 PM by leaving the copies with or in the presence of:
      SAMUEL W FISHER - SENIOR MANAGER - CANYONEERS, INC. , Caucasian , Male , Age: 60 , Hair: Brown , Height: 5'11" , Weight: 180 .

   (a) ( Person of suitable age and discretion. Informed him or her of the general nature of the papers.

Service: $169.00, Mileage: $0.00, Certificate: $10.00, Wait: $0.00, Fees Advanced: $0.00, Total: $179.00

I Declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

6. Person Executing:
   a. MICHELLE TANNER
   b. FIRST LEGAL
      3737 North 7th. Street Suite 209
      PHOENIX, AZ 85014
   c. (602) 248-9700

10/12/20    (Signature)
(Date)

**CERTIFICATE OF SERVICE**

4933603 (10416402)

CERTIFIED COPY - FA1-7EA1-9069-A403 - 11/06/2020 09:04:25 MST - Page 1 of 2

# EXHIBIT D

CARL F. MARIANO, SB #010994
Carl.Mariano@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
Firm email: azdocketing@lewisbrisbois.com
*Attorneys for Defendant, Canyoneers, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA, PRESCOTT DIVISION

| | |
|---|---|
| Cheryl Lanier,<br><br>Plaintiff,<br><br>vs.<br><br>Canyoneers, Inc., a domestic corporation; ABC Partnerships I-X; XYZ Corporations I-X; John Does I-X and Jane Does I-X,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF ATTORNEY IN SUPPORT OF NOTICE OF REMOVAL** |

Pursuant to Local Rule 3.6 of the Local Rules of Civil Procedure for the United States District Court for the District of Arizona ("LRCiv 3.6"), I, Carl F. Mariano, verify the following:

1. I am over the age of 18, attorney of record for Defendant Canonyeers, Inc. ("Defendant"), and have personal knowledge of the matters set forth in this Affidavit.

2. I have read Defendant's Notice of Removal in its entirety and verify that the facts set forth therein are true and accurate to the best of my knowledge, information and belief.

3. Exhibits A through E to the Notice of Removal constitute true and correct copies of all pleadings and other documents that have been filed in the above-captioned state-court proceeding.

4824-9341-1281.1

4. Pursuant to LR Civ 3.6, a Civil Cover Sheet and a Supplemental Civil Cover Sheet have been filed with the Notice of Removal.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 6<u>th</u> day of November, 2020.

_____
Carl F. Mariano